repellent? Okay, let me make a note here. I don't think we have anybody here for the app. Haley and counsel for the appellant may be aware that there was a filing a day or two ago having to do with that person's participation. I'll just say this. Had that person been here, I would have noted that as far as the bats concerned, if they are admitted in any district, they are eligible to argue it about hearing. They're not here. Um, what we suggest is we simply will take their position on the papers. If you would like to do the same, you're welcome to. If you'd like to argue, we're happy to hear your arguments. I would like to argue. Okay, thank you. Can I ask you a trick question? Are you reserving time? Okay, you may proceed. Thank you, Your Honor. May it please the court. Kyle Mandeville of the Duke Evett law firm here in Boise, Idaho. Welcome to you all. Thank you, Judge. Your Honor Brand joining us from California. We appreciate you being here. Um, I do want to begin with a kind of housekeeping matter. I know the court likes to know if things have become moot. This is not a case where something has become moot, but there was a filing two days ago in the bankruptcy case by the trustee to vacate the debtors discharge. Um, and so that is set for hearing March 23rd. I wanted to bring that to the court's attention initially. Well, can I ask you, uh, to vacate the discharge? It's not an action to revoke the discharge. It was styled as a, it was out of the motion to vacate the discharge. I take that to mean the same thing, but that's how it was styled. All right. So that in your mind, that will be motion practice and that will be argued at some point down the road that the 23rd March 23rd is when that motion is set for hearing. Uh, okay. Thank you. Duly noted. Um, this appeal, uh, uh, sure enough, my first time getting to argue before the United Circuit bankruptcy poll opinion. And I'm here on a question of Idaho law. Um, you know how ironic things can be sometimes. Um, this appeal presents two issues. The first issue is whether a default judgment issued by the Idaho state court, uh, actually decided a claim for fraud. And if it did, that judgment is entitled to full faith and credit in the bankruptcy court and the bankruptcy bankruptcy court erred by not applying issue preclusion in this discharge discharge ability proceeding. The second question is whether the bankruptcy court erred in allocating the burden of proof and the burden of persuasion onto man mortgage. The plaintiff in this case, um, even though the entire state court record was filed and admitted in the trial. And even though the challenge to the issue preclusion issue did not arise, was not raised by the defendant, but was raised to a sponsor by the court. After the trial, uh, we submit that the standard for both of those issues is de novo and the relief that we're asking the court to grant is reversed and rendered and enforce, uh, issue preclusion and enforce the, uh, discharge ability of the default judgment. Just to make sure I'm with you on the, on the, maybe this has to do with both points. The, um, as I understood what the trial court did was it assigned you the burden of proof with respect to whether collateral estoppel was applicable, right? Yes. Okay. Now was that a mistake or do you think that the interpretation of it was a mistake? I think the interpretation of it was a mistake. I don't think there's any question that the burden of proof is on the plaintiff, but in this case, you know, put yourself in a plaintiff proving issue preclusion other than putting the entire state court record, including the docket in the record, you know, short of subpoenaing the district court judge to come testify what he or she may have met in their decision. There's really no more evidence that plaintiff respectfully submits. It could have presented on the issue of issue preclusion. So the issue was the issue, whether a matter was necessarily decided or was it something else? The issue that gave rise to the court declined the bankruptcy court declining to, uh, enforce issue preclusion was that the bankruptcy judge concluded that fraud was not actually decided by the default judgment. Okay. Thanks. Um, and in order to address that question, which I think is the important threshold question here, um, we start with the Idaho rules of civil procedure. Um, and it's rules 55 and 54 that we filed as part of our addendum. And I think answer the question, was the fraud claim actually decided in the Idaho state court and rule 55 and 54 of the Idaho rules of civil procedure are similar, but a little bit different than the federal rules. Um, the important points that I want your honors to note is that, um, rule 55 governs the default procedure. Rule 55 a talks about how the first step in getting a default judgment is you ask the court for an order of default and the legal effect of that is twofold. And it's important. The first legal effect is that all of the allegations in the complaint are admitted. The second component, which is equally as important is it cuts off the defendant's right to challenge the stated claims of relief, but two, two important key components of that 55, a order of default. Next we come to 55 B, which is you had your order of default. Now you're a default judgment. Okay. 55 B does not speak specifically about claims for relief. It talks about damages. And so you have two scenarios under 55 B. If your claim is for a some certain, you can file an affidavit with your evidence and the court can enter a default judgment for that. Some certain if it's unliquidated, if it's more complicated than that, like a upon, um, a writing, then there may, the judge may require a hearing, uh, or something along those lines to hear evidence and, uh, determine the amount of damages so that default judgment can be rendered. In this case, man mortgage obtained a default judgment for the amount that it was stated, the amount it requested. It was supported by evidence. It was for a north of $210,000. And really it was just trying to get back the money that it loaned for a home that was never built. Um, so that's 55. That's the process that is followed, um, for, uh, obtaining a default judgment in Idaho state court. Uh, then we look to 54 rule 54 of the Idaho rules of civil procedure and the text and history of this rule, I think are really important for this case. Okay. And we filed with our brief, um, some case law and also a Supreme court rule that was kind of a red line showing changes that had been made to this rule over time. And the reason we wanted the court to understand the historical changes to the rule is because back in 2010, the Supreme court of Idaho noticed that there was some confusion about what constituted a final judgment. And also the court noted that it was also a little bit unclear when a claim was dismissed and the court wanted to avoid the implicit dismissal of claims. And so what the court did in 2010 is it amended rule 54. And now when an Idaho state court enters judgment, it has to style it as a judgment. It has to state the relief, not the claims. It has to state the relief that it is awarding on one or more claims. It can as part of the judgment, dismiss any claims that are going to be dismissed that are not going to be adjudicated. And then by feature, this is a feature, not a bug of Idaho state law. It does not contain any recitals of pleadings, any record of proceedings. It does not contain findings. It does not contain conclusions. It does not contain legal reasoning. It is the amount. It is a judgment. It's the amount on one or more claims for relief. Now, when we apply rule 55 and rule 54, in this case, what we see is that man mortgage applied for and obtained an order of default. All of its allegations are admitted. All of its client. Well, OK, all of it. I'm sorry. No, go ahead. All of its well pleaded allegations are admitted. Right. Let me give you a hypothetical. Let's say there was a complaint that said the moon's made a green sheet. So therefore, I get a fraud. Would any judge in their right mind enter that? No. What's missing here is what's the significance of the judicial act? Not the judicial act, because there's something that happens between you get a default because somebody doesn't answer your complaint and a judge adjudicates it. Right. So that's what I'm missing so far, at least in my sense of it. OK. Yeah. And you're right. And, you know, I think the Idaho system entrusts the Idaho judges to if there's problems, significant problems with the pleading or if you know, if if the evidence of damages, you know, the Idaho judges are entrusted to recognize and be kind of a gatekeeper, if so to speak, on those issues before rendering a default judgment. However, and this is the important point that if you take away one thing from me today is the important point I want you to take away. An erroneous default judgment. Is still entitled to full faith and credit. If there are errors that are made between an application for a default judgment and the court issuing a default judgment. That's an erroneous judgment, but you know what, that's still entitled, that still is entitled to full faith and credit. From the federal court and the two cases that I think speak to this principle to Idaho cases most clearly, and we recited them in our brief, are the Waller case and the plate versus Pinkham case, because in both of those cases, there was a default judgment that was entered that for different reasons were completely wrong. Completely wrong. They were erroneous. I don't think the Supreme Court really even went to great lengths to try to justify them, but they said, you know what, they're erroneous judgments, but they're judgments and they weren't timely challenged. And so now obviously this is not full faith and credit because this is all happening within the Idaho system, but the Supreme Court still said an erroneous judgment is not a good reason to set aside a judgment. But we're not setting aside a judgment, right? This is issue preclusion. This is whether or not those claims were properly litigated such that you could use them to meet the elements of a 523.82a cause of action. Yes, Your Honor. And I think those are overlapping because if you look at the Waller case, it's that was a separate proceeding, and so it was looking at both race judicata and rule 60B, which is how you would directly set aside a default judgment, and it analyzed them very similarly. And so I think the analysis between, OK, are we going to set it aside under rule 60B versus are we going to set it aside under, you know, race judicata or issue preclusion? I think, according to the Idaho Supreme Court, those are very similar analyses. And you're not looking at whether it was erroneous. You're looking at, OK, was there something about the proceeding that was just so unfair that we can't enforce even an erroneous judgment? For example, was there no jurisdiction? Was there no due process? Again, maybe I'm missing something, but we're not enforcing a judgment in the 523.82a context. What you're doing is you're saying the issues and fraud that were determined at the state court overlay on the elements that I have to show in my 523. There's no claim preclusion because there was no discharge previously before the bankruptcy case. So it's only whether or not the elements of fraud were shown such that I can overlay them on the elements I have to show, your client at Mann Mortgage had to show in order to meet the preponderance of the evidence standard under a 523.82a. I agree with you, Your Honor. And I would say that based on the case law that we've cited, at least the Idaho Bankruptcy Court case law, if you have, I don't think there's a question that if there is a valid state court default judgment for fraud, that that satisfies issue preclusion in a dischargeability proceeding. And so I guess that, and I hope I'm answering your question directly. I don't think there's a question that if this is a valid state court judgment that includes fraud, the elements of issue preclusion for purposes of 523 are met. And that's why I think this all boils down to, was the fraud claim actually decided in the default judgment? And the other thing that I think is going to be important in the Plate v. Pinkham case, in that case, the party is a little bit different posture, but it's a similar analysis, I think. And that is, in that case, the party did not request any damages, did not submit any evidence of damages. The damages that were entered in the judgment was the completely wrong measure of damages. But when it ended up in front of the Idaho Supreme Court, they said, we have serious concerns about this default judgment, and we're going to remind the state court judges to, you need to do your job to make sure that based on the pleadings, based on the application, that you're entering default judgments that conform to the rules. Be that as it may, this is a default judgment that was entered by the state court. There's no issues with due process. There's no issues with jurisdiction. None of the kind of equitable considerations that judges might look at outside of whether it was erroneous. None of those, fraud and collusion during the judicial process, none of those types of considerations were at play and required the court to set aside the default judgment. I think that same type of analysis would be at play here. And I actually think the Lopez case, in Ray Lopez, that Judge Hill incited in his order, denying the motion to reconsider, I think it actually speaks to this a little bit. Number one, it echoes the sentiment that even in Iraq, erroneous judgment is entitled to full faith and credit. And then it also says that while there are some equitable considerations, the courts can look at outside of whether it's erroneous to consider whether to apply issue preclusion. Those have to be different than is the judgment correct. Those types of considerations are about jurisdiction and due process. Okay. I think I will note that I think you're a little over your time. And I will ask my colleagues if they have any last questions. I don't. Okay. Thank you for your very good arguments. Interesting issue. Well, we will take the matter under submission and we'll get you a written decision as soon as we can. Thank you very much. Okay. Let's call the next matter.
judges: Brand, Lafferty, and Niemann